Docket No. 12-55088

In the

# Unites States Court of Appeals

for the

# Ninth Circuit

WILLIAM RADCLIFFE III and MARI L. RADCLIFFE,

*Plaintiffs, Appellants*

v.

JP MORGAN CHASE BANK, N.A., and PROFESSIONAL RECOVERY SERVICES, INC.,

*Defendants, Appellees*

Appeal from the Decision of the United States District Court for the Central District of California.  Docket No.: EDCV 11-00945 ODW (DTBx)
Hon. Otis D. Wright, II

## APPELLANTS' REPLY BRIEF

Andrew R. Stilwell, Esq.
STILWELL & ASSOCIATES, INC.
4669 Murphy Canyon Road, Suite 200
San Diego, California 92123
(858) 715-3900
(858) 715-3977

*Attorney for Appellants,*
*WILLIAM and MARI RADCLIFFE*

## TABLE OF CONTENTS

| Description | Page |
|---|---|
| **INTRODUCTION** | 1 |
| **ARGUMENT** | 1 |
| **THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' RULE 60(b) MOTION** | 1 |
| <u>Standard of Review</u> | 1 |
| <u>Pioneer-Briones Factors</u> | 2 |
| **CONCLUSION** | 4 |

## TABLE OF AUTHORITIES

**CITES** **PAGE**

*Lamoge v. U.S.,* 587 F.3d 1188, 1192 (9th Cir. 2009)   1

*Mendez v. Knowles,* 535 F.3d 973, 981 (9th Cir. 2008)   3

*T.C.I. Group Life Ins. V. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001)   2

# INTRODUCTION[1]

Appellants' opening brief has pointed out with mandatory authority that the analysis was lacking, and that what analysis was made was illogical, implausible and without support in inference. Because Appellees' authorities are highly distinguishable, unreported, and otherwise unconvincing, Appellants respectfully seek this Court's reversal of the trial court and remand with instructions to grant Appellants' Rule 60 motion.

## ARGUMENT

### THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' RULE 60(b) MOTION

<u>Standard of Review</u>

Appellees are really trying very hard to make a mountain out of a mole hill, by focusing on the "two-pronged" analysis of abuse of discretion. The issue of whether the District Court identified the correct rule of law (i.e., the *Pioneer-Briones* standard) is not in controversy. The District Court's order cites specifically to *Pioneer-Briones*. *EOR*, p. 12. It is the application of the *Pioneer-Briones* factors that the District Court misapplies, and therefore warrants reversal. *Lamoge v. U.S.*, 587 F.3d 1188, 1191-1192 (9th Cir. 2009). In fact, this Court

---

[1] This reply is in response to both opposition briefs submitted by Appellees, and shall encompass the sum total of Appellants' response to these brief.

made the failure to analyze all four factors as a per se abuse of discretion. *Ibid*. As Appellants have succinctly pointed out, the District Court analyzed three of the four factors, however, the court's failure to analyze all four requires reversal. *Ibid*.

### Pioneer-Briones Factors

The *Pioneer-Briones* factors were applied illogically, implausibly, and without support in inference. The only factor that all parties agree to is that length of delay is negligible. *EOR*, p. 12.

Regarding prejudice, this Court has required a balancing between the prejudices to each party. *Lemoge*, *supra* at p. 1196. Appellants have already pointed out, and the District Court agreed, that the potential prejudice to Appellees is that they would have to litigate on the merits. *AOB*, p. 9; *EOR*, p. 12. However, having to litigate on the merits is not prejudice at all. *T.C.I. Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Therefore, any prejudice to Appellants would outweigh the nonexistent prejudice to Appellees. *Ibid*. However, Appellants prejudice is great as they would be completely forfeit of their meritorious claims. *Lemoge*, *supra* at p. 1196. Understanding the heavy weight on the scale in Appellants' favor, it is illogical, implausible and without any support in inference for the District Court to rule that the prejudice factor is "neutral" as to both parties. *EOR*, p. 12.

The true and legally excusable reason for the delay was the failure of the United State Postal Service, and Appellants' reliance on the post office's ability to deliver. *Mendez v. Knowles*, 535 F.3d 973, 981 (9th Cir. 2008). If this Court has already ruled that reliance on the post office is excusable, it is an abuse of discretion for the District Court to find otherwise. *Ibid*.

The objective standard for good faith[2] is whether Appellants were negligent or devious. *Lemoge*, *supra* at p. 1197. Placing the amended complaint in the U.S. mail, although in hindsight was a mistake, cannot be considered devious. *Mendez*, *supra* at p. 981. In no way has Appellees been harmed by this conduct, only Appellants were harmed. The simple fact that this matter is on appeal is evidence to the lack of any tactical advantage to Appellants. The record is completely devoid of any facts that would even give rise to any inference that Appellants, in a spirit of deviousness and willfulness, place their amended complaint in the mail to gain a tactical advantage or to otherwise place Appellees in a disadvantageous position.

---

[2] Regarding the good faith element, Appellants have pointed out that the District Court has taken Appellants to task for relying on the local rules in submitting to the motion to dismiss, and yet completely ignores JP MORGAN CHASE BANK, N.A.'s failure to respond to Appellants' Rule 60 motion. *AOB*, pp. 10-12. As JP MORGAN CHASE BANK, N.A. is the lead defendant to the underlying action, it is inequitable to treat the parties in such disparaging ways.

In all four factors, the scale set by *Pioneer-Briones* has been heavily weighted in Appellants' favor, and there is no inference whatsoever that supports the District Court's denial of Appellants' Rule 60 motion.

## CONCLUSION

THEREFORE, Appellants respectfully request this honorable Court to reverse the District Court's order denying Appellants Rule 60(b) motion, and remand the action back to the District Court with instructions to grant Appellants' Rule 60(b) motion for relief from final judgment.

Dated:  August 8, 2012          STILWELL & ASSOCIATES, INC.

*s/ Andrew R. Stilwell*
ANDREW R. STILWELL, ESQ.,
Attorney for Appellants

# CERTIFICATE OF COMPLIANCE

CERTIFICATE OF COMPLIANCE PURSUANT TO CIRCUIT RULES 32(a)(7)

I certify that pursuant to Circuit Rule 32(a)(7)(B) and (C), the attached opening brief is:

__ it contains not more than 14,000 words.

or

___ it uses a mono spaced face and contains no more than 1,300 lines of text.

or

 X   In compliance with Fed. R. App. 32(a)(7)(A) and does not exceed 15 pages.


AUGUST 8, 2012                                               *s/ Andrew R. Stilwell*
Date                                                                    ANDREW R. STILWELL, ESQ.
                                                                              Attorney for Appellants

## CERTIFICATE OF SERVICE

### <u>RADCLIFFE v. JP MORGAN CHASE BANK, N.A., et al.</u>
Ninth Circuit Docket Number:  12-55088
District Court Case No: EDCV 11-00945 ODW(DTBx)

I am employed in the County of San Diego, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Stilwell & Associates, Inc., 4669 Murphy Canyon Road, Suite 200, San Diego, CA  92123.

On **AUGUST 8, 2012**, I served the following document described as:

- **APPELLANTS' REPLY BRIEF**

by serving a true copy of the above-described document in the following manner:

| | |
|---|---|
| X | <u>***By U.S. Mail***</u>.  I am readily familiar with the office practice of Stilwell & Associates for collecting and processing documents for mailing with the United States Postal Service.  Under that practice, documents are deposited with the Stilwell & Associates personnel responsible for depositing with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid in a sealed envelope |
| X | <u>***By CM/ECF***</u>.  I certify that all participants listed below in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. |

to the parties listed below:

| | |
|---|---|
| **Stuart W. Price**<br>**Bryan Cave LLP**<br>**3161 Michelson Drive, Suite 1500**<br>**Irvine, CA 92612-4414** | **Attorneys for JP MORGAN**<br>**CHASE BANK, N.A.** |

**Andrew Steinheimer**  
**555 University Ave., Suite 200 East**  
**Sacramento, CA 95825**

**Attorney for Professional Recovery Services, Inc.**

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **AUGUST 8, 2012**, at San Diego, California.

        *s/ Stephanie Garza*  
        STEPHANIE GARZA

Stilwell & Associates, Inc.  
Attorneys at Law  
San Diego, California

iii

APPELLANTS' REPLY BRIEF  
PROOF OF SERVICE